UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JUSTIN SINGLETON**<br>    **LA. DOC #509796**<br>**VS.** | **CIVIL ACTION NO. 6:13-cv-2619**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Justin Singleton filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 5, 2013. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He attacks his 2004 conviction for second degree murder and the life sentence imposed thereafter by the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was indicted by the St. Landry Parish Grand Jury on a charge of first degree murder. Counsel from the Capital Assistance Project of Louisiana was appointed to represent him. On December 17, 2004 he was found guilty of second degree murder. On January 28, 2005 he moved for a new trial claiming that unlawfully seized evidence was admitted in violation of his right to due process; thereafter, he filed a supplemental motion for new trial based upon allegations that the State withheld exculpatory evidence. On April 29, 2005 a hearing on his

motions was convened. The trial Court denied the motion with regard to the unlawfully seized evidence but granted the motion insofar as it alleged newly discovered exculpatory evidence. On November 2, 2005 the State's writ application was granted by the Third Circuit Court of Appeals in an unpublished writ judgment assigned Docket No. KW 05-00922; in due course the Court of Appeals reinstated petitioner's conviction and remanded for sentencing. Petitioner's application for writs was denied by the Louisiana Supreme Court on March 24, 2006. *State of Louisiana v. Justin Charles Singleton*, 2005-2485 (La. 3/24/2006), 925 So.2d 1225.

On May 26, 2006 the mandatory sentence of life without parole was imposed.

Counsel with the Louisiana Appellate Project was appointed and petitioner appealed to the Third Circuit Court of Appeals. On March 14, 2007 his conviction and sentence were affirmed. *State of Louisiana v. Justin Singleton*, 2006-1372 (La. 3/14/2007), 953 So.2d 168. [See also Doc. 1-2, pp. 2-33, Exhibit A]

According to petitioner, he retained an attorney, Mr. Robert Ray in May 2007 "... to file a *certiorari* to the Louisiana Supreme Court and to protect his rights on post conviction." [Doc. 1-1, p. 15][1] On March 24, 2008 petitioner's application for writs was denied by the Louisiana Supreme Court. *State of Louisiana v. Justin Charles Singleton*, 2007-0785 (La. 3/24/2008), 977 So.2d 945. [See also Doc. 1-2, p. 34, Exhibit B]

Ray was hired "to do [petitioner's] post conviction work with the understanding that this

---

[1] If that is the case, it would appear that petitioner's application for *certiorari* on direct review was untimely. Pursuant to Supreme Court Rule X, §5(a), petitioner had a period of only 30 days, reckoned from the date that the Court of Appeals mailed notice of judgment, within which to file his writ application. The Third Circuit's judgment is dated March 14, 2007 and therefore a timely writ application would have to be filed on or before April 14, 2007. If counsel was not retained until May 2007, any writ application he filed would have been untimely.

included the filing of the post conviction application, any appeal if necessary, and, most importantly, the protection of his time for federal review." [Doc. 1-1, p. 15] Petitioner filed what appears to be a *pro se* application for post-conviction relief in the District Court in March 2010;[2] he raised various claims of ineffective assistance of trial counsel and prosecutorial misconduct. [Doc. 1-2, pp. 35-71, Exhibit C] An evidentiary hearing was convened on May 5, 2011, and, at that hearing petitioner was represented by Attorney Ray. At the conclusion of the hearing the trial court denied post-conviction relief and provided reasons for judgment. [Doc. 1-3, pp. 1-67; Doc. 1-4, pp. 1-68, Exhibit D] Petitioner then filed a *pro se* application for writs in the Court of Appeals. On June 25, 2012 the Third Circuit denied petitioner's application for writs. [*State of Louisiana v. Justin Charles Singleton*, KH 11-00980 at Doc. 1-5, p.1, Exhibit E][3] Petitioner apparently filed a pro se writ application in the Supreme Court, and, on January 11, 2013 the Supreme Court denied writs. *State of Louisiana ex rel. Justin Charles Singleton v. State of Louisiana*, 2012-1771 (La. 1/11/2013), 106 So.3d 549. [Doc. 1-5, p. 2, Exhibit F]

Petitioner signed his federal *habeas corpus* petition on September 3, 2013 [Doc. 1, p. 15]; it was filed on September 5, 2013.

### Law and Analysis

*1. Timeliness under § 2244(d)(1)(A)*

Petitioner concedes that his petition is time-barred, and that indeed appears to be the case. Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty

---

[2] It's unclear whether Mr. Ray prepared the pleading for petitioner, however, it appears that it was ultimately filed as a pro se pleading.

[3] According to the judgment denying writs, petitioner was proceeding pro se.

Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals and when that court affirmed his conviction and sentence, petitioner sought further direct review in the Louisiana Supreme Court. The Louisiana Supreme Court denied writs on direct review on March 24, 2008. *State of Louisiana v. Justin Charles Singleton*, 2007-0785 (La. 3/24/2008), 977 So.2d 945. [See also Doc. 1-2, p. 34, Exhibit B] Petitioner did not seek further direct review in the United States Supreme Court; therefore, his judgment of conviction and sentence became

---

[4] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts his petition is premised upon.

final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about June 24, 2008 when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari*. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)). Thus, the AEDPA limitations period began to run on June 24, 2008 and he had one year, or until June 24, 2009 to file his *habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provision of 28 U.S.C. §2244(d)(2) because by his own admission, his application for post-conviction relief was not filed in the District Court until March 25, 2010 [Doc. 1-2, pp. 35-71, Exhibit C] and by that time the limitations had already expired and could not be revived by the filing of his application.

Clearly, a period of more than 1-year elapsed un-tolled between the date that petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed the instant petition for *habeas corpus*.

### 2. Equitable Tolling

Petitioner contends that he is entitled to equitable tolling because he was misled by retained post-conviction counsel. [Doc. 1-1, p. 15] More specifically, petitioner argues that he is entitled to equitable tolling because of his post-conviction counsel's "misconduct" which he describes as "... misleading him and his family into believing that he had protected his right to

federal review and that he had plenty of time to file his habeas petition, when in fact his counsel know this was not true, as he had allowed his federal time to elapse by nine (9) months prior to filing his post-conviction application." [Doc. 1-1, p. 13]

As previously noted, petitioner claims that he retained post-conviction counsel in May 2007 for the express purpose of filing a petition for writ of *certiorari* in the Louisiana Supreme Court on direct appeal, and thereafter, if necessary, an application for post-conviction relief. It appears that counsel was retained <u>after</u> the deadline for filing a petition for *certiorari* had lapsed, and, that petitioner's application for post-conviction relief was filed by petitioner and not by counsel. [Doc. 1-2, pp. 35-71, Exhibit C] Indeed, the evidence submitted by petitioner establishes only that Mr. Ray represented petitioner at the evidentiary hearing convened on his application for post-conviction relief and at no time either before or after that hearing.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).

As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,

6

560 U.S. 2549, 2562,  130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

In the recent past, attorney error or neglect was not considered an extraordinary circumstance so as to warrant equitable tolling.  *Cousin v. Lensing*, 310 F.3d 843 (5th Cir.2002).  This view was shared by the Supreme Court.  *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.")  However, the most recent pronouncement of the Supreme Court on this issue recognized a limited exception to that general rule. In *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010), the Court held that, while a "garden variety claim of misconduct," such as a simple miscalculation of a deadline, does not warrant equitable tolling, such tolling may be warranted by "far more serious instances of attorney misconduct."

Here, petitioner maintains that retained post-conviction counsel "misled" petitioner and his family; and, that his assertions that petitioner " had plenty of time to file his habeas petition" were known by counsel to be untrue; furthermore, petitioner contends that counsel's conduct was "deceitful and dishonest" and his behavior was "unethical and egregious."   However, petitioner offers nothing to support these conclusory allegations.  Given the facts of this case it appears that counsel represented petitioner for a relatively short time and, it is  just as likely that counsel either was retained after the deadline had passed or in the alternative that he  simply miscalculated the federal *habeas* deadline.  There is certainly no evidence to establish that counsel engaged in a concerted effort to mislead his client.

Nevertheless, even if petitioner could establish that counsel engaged in "serious ...

misconduct" as opposed to a "garden variety claim of misconduct," he would still not be eligible for the benefits of equitable tolling because the undisputed facts of this case demonstrate a complete lack of diligence on petitioner's part. As previously noted, petitioner claims that he retained counsel in May 2007 to file an application for writ of *certiorari* on direct review, and, thereafter to seek post-conviction relief if necessary. Direct review ended with the Louisiana Supreme Court's writ denial on March 24, 2008. See *State of Louisiana v. Justin Charles Singleton*, 2007-0785 (La. 3/24/2008), 977 So.2d 945. A period of almost 2 years then elapsed before petitioner filed what appears to be his *pro se* application for post-conviction relief in the District Court. Petitioner claims that it was during this period that he and his family were "misled" however, he does not allege any attempts on his part to determine whether limitation was in jeopardy. Petitioner offers no evidence to establish that during the two year period between the end of direct review and the filing of petitioner's post-conviction application he wrote counsel "...many letters that repeatedly emphasized the importance of..." timely filing; or that counsel "...failed to communicate with his client over a period of years, despite various pleas" from petitioner that he maintain communication. *Compare Holland v. Florida*, 560 U.S. 632, 130 S.Ct. 2549, 2564. Nor is there any evidence that petitioner "request[ed] that his petitions be filed in a timely manner and as soon as practicable" or that during the period in question he was "constantly contacting his attorney[ ] to ensure that the proper procedures were being followed." *Compare Tsolainos v. Cain*, — Fed. Appx. —, 2013 WL 5433774 (5th Cir. 2013) (unpublished).

It further appears that counsel's representation ended, at the latest, when the trial court denied post-conviction relief following the on May 5, 2011 evidentiary hearing. Indeed, the Third

Circuit's June 25, 2012 order denying writs indicates that petitioner was proceeding *pro se* in that proceeding [See *State of Louisiana v. Justin Charles Singleton*, KH 11-00980 at Doc. 1-5, p.1, Exhibit E], and it must be presumed that thereafter he represented himself before the Supreme Court. Nevertheless, during that period, petitioner took no action to attempt to preserve or reinstate his federal *habeas* rights. Finally, and most importantly, the Supreme Court denied writs ending petitioner's State post-conviction litigation on January 11, 2013. *State of Louisiana ex rel. Justin Charles Singleton v. State of Louisiana*, 2012-1771 (La. 1/11/2013), 106 So.3d 549. [Doc. 1-5, p. 2, Exhibit F] Nevertheless, petitioner waited almost nine months before filing the instant petition.

In short, petitioner has failed to demonstrate extraordinary circumstances or diligence and therefore he is not entitled to equitable tolling of the 1 year period of limitations defined by Section 2244(d).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana November 20, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE